UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN CARLOS SOLIS-VENEGAS § | |
|     Movant § | |
| VS. § | Civil Action No. 7-14-cv-540 |
| § | Criminal Case No. 7-11-cr-921-2 |
| UNITED STATES OF AMERICA § | |
|     Respondent § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which motion had been referred to the Magistrate Court for a report and recommendation. On February 22, 2017, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's Motion to Dismiss (Dkt. Entry No. 3) be granted for the reasons stated in the Report, and that Movant's section 2255 motion be denied on the record, and the claims be dismissed with prejudice, and that a Certificate of Appealability be denied upon the issuance of this Court's final order. The time for filing objections has passed, and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that Respondent's Motion to Dismiss (Dkt. Entry No. 3) is **GRANTED,** Movant's section 2255 is **DENIED** on the record, and the claims are **DISMISSED** with prejudice. A Certificate of Appealability is **DENIED**.

IT IS SO **ORDERED.**

**DONE at McAllen, Texas, this 21st day of March, 2017.**

_____
Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Services Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(quoting Fed. R. Civ. P.72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. April 2, 2012).